IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.					CASE NO. 4:13cr25-RH/CAS

JAMIE LEE WAMBLES,

    Defendant.

_____/

## JUDGMENT OF ACQUITTAL ON COUNT FOUR

    The defendant Jamie Lee Wambles, while a target of a federal investigation, wrote a letter to an agent of the Federal Bureau of Investigation. In the letter, Mr. Wambles claimed to have a large quantity of an explosive, ammonium nitrate, and Mr. Wambles offered to make a deal: he would tell the agent where the ammonium nitrate was located in exchange for favorable treatment.

    An indictment charged that the letter was actually a threat to blow up a courthouse. After a trial, the jury agreed. This order now grants Mr. Wambles's motion for a judgment of acquittal on this charge.

I

Mr. Wambles became upset with local law enforcement officers. One reason was that, when arresting Mr. Wambles on charges unrelated to this case, a local officer shot and killed Mr. Wambles's dog.

In a rather illogical response—Mr. Wambles says he was strung out on methamphetamine, a condition wholly consistent with illogical behavior—Mr. Wambles sent two letters to the *federal* clerk of court, falsely asserting that anthrax was enclosed. One of the letters came with white powder that turned out to be harmless. Mr. Wambles sent a third letter to the clerk threatening to have friends blow up the federal courthouse.

A grand jury returned an indictment charging separate counts based on each of the three letters. For each, the charge was conveying a false threat to use a weapon of mass destruction—a biological agent, in the first two counts, or a destructive device, in the third—in violation of 18 U.S.C. § 1038(a)(1)(A). That statute prohibits false threats of precisely this kind.

Mr. Wambles went to trial and was convicted on each of the three counts. He was plainly guilty. The validity of the convictions on these counts is not now at issue.

II

The indictment also included a fourth count based on a fourth letter. Mr. Wambles wrote the fourth letter after telling officers, including an FBI agent, that he wrote the first three letters, that the letters included false threats, and that conveying the threats was an inappropriate way to deal with his grievances. When Mr. Wambles wrote the fourth letter, he well knew he was a target of an investigation arising from the first three letters.

Mr. Wambles sent the fourth letter through the mail to the FBI agent who had interviewed Mr. Wambles about the first three letters. The fourth letter, with uncorrected spelling and grammatical errors exactly as Mr. Wambles wrote it, said:

> "Im sorry for everything I caused by writing these letters." You know that I'm a convict and nomatter what i say you should not have believed what i sayed to you. Im still pissed about my Dog and these cop's around here. I've played around with ya'll today during the interview. I do have Amnya Nitrat, but for ya'll to get it I would want somthing in return, like a deal with my charges & my Dog. Other than that you won't get one hunderd ten Gallons of it. Nitrate Tell yo'u what check with Jenifer Eliss in Jacksonville wich is my ex wife other than that I'm not say were it's at. It don't take much of Nitrate, hell it takes 14 grams to blow a mail box up, and 2 Gallons to blow a car up. So know does that tell you i know what i'm talking about So if you would let me know what's going on if we got a deal or what?

Gov't Ex. 20. Mr. Wambles signed the letter "James" and added: "p.s Im going to be truth - full with you I got Nitrat; pluse I can get anything you want, Gun's ice, meth, Bombs,." *Id*.

The indictment charged that by this letter, Mr. Wambles

> knowingly did cause to be delivered by the United States Postal Service a written communication addressed to a Federal law enforcement officer, namely a Special Agent of the Bureau of Investigation, containing a threat to injure another person, namely, that the defendant would follow through on a prior threat and would bomb the United States District Courthouse in Tallahassee, Florida, and use an explosive device that contained 110 gallons of ammonium nitrate.

The indictment charged that this was a violation of 18 U.S.C. § 876(c). The statute prohibits mailing a communication that includes a threat to kidnap or physically injure any person.

At the close of all the evidence, Mr. Wambles moved for a judgment of acquittal on all four counts. His argument on the fourth count—involving the fourth letter—was that the letter was not a threat. I denied the motion for a judgment of acquittal on the first three counts and reserved ruling on the fourth count. The jury returned a verdict of guilty on all counts.

### III

On a motion for judgment of acquittal, the evidence must be viewed, and all reasonable inferences must be drawn, in the government's favor. The question is whether, viewing the evidence that way, a reasonable jury could find the defendant guilty beyond a reasonable doubt.

### IV

To constitute a violation of § 876(c), a threat does not have to be explicit; an implied threat is enough. The issue of whether a communication constitutes a

threat ordinarily is for the jury. And in deciding the issue, a jury may draw reasonable inferences. " 'If a reasonable recipient, familiar with the context of the communication, would interpret it as a threat, the issue should go to the jury.' " *See United States v. Matthews*, 431 F.3d 1296, 1310 (11th Cir. 2005) (applying 18 U.S.C. § 1512(b) and quoting *Martin v. United States*, 691 F.2d 1235, 1240 (8th Cir. 1982)); *see also United States v. Taylor*, 972 F.2d 1247, 1252 (11th Cir. 1992). A defendant need not intend to carry out the threat; the threat itself is a crime, without an intent to act on it.

But there must be a threat, that is, a communication that a reasonable person, familiar with the context, would understand as a threat. *See, e.g., United States v. Krocka*, No. 8:06-cr-127-T-24-TGW, 2008 WL 4683292, at *1-3, *6-7 (M.D. Fla. Oct. 22, 2008), *rev'd in part on other grounds*, 376 F. App'x 983 (11th Cir. 2010). Nothing in the fourth letter comes close. In the letter, Mr. Wambles did say he had 110 gallons of ammonium nitrate. But Mr. Wambles did not suggest he planned to blow up anything, let alone the courthouse identified in the indictment. Instead, Mr. Wambles offered to tell the FBI agent where the ammonium nitrate was, so that the agent could get it off the street and thus *prevent* its use to blow something up. And Mr. Wambles did what defendants in federal cases do—he offered to make a deal. Thus Mr. Wambles said he would disclose the ammonium nitrate's

location in exchange for favorable treatment in his own case, or perhaps in exchange for help getting redress for the killing of his dog.  This was not a threat.

To be sure, Mr. Wambles emphasized how dangerous ammonium nitrate can be, and how little it would take to blow up a mail box or car.  But in context, this was advocacy; Mr. Wambles was puffing the value of what he proposed to trade for favorable treatment.  Parenthetically, this deserves mention: saying how much ammonium nitrate would be required to blow up a mailbox or car would be an odd way to threaten to blow up a courthouse.

So the fourth letter, standing alone, plainly was not a threat to blow up the courthouse.  And the prior letters do not change the result.  The third letter did include a threat to have friends blow up the courthouse—albeit a threat the government labeled a false threat, not a true threat.  Had the third letter been followed by a letter referring to an explosive with no other context or explanation, the new letter could perhaps be understood as an implicit threat, and perhaps even as a threat to injure a person by blowing up the same courthouse.  Because the indictment charged Mr. Wambles only with threatening to injure a person by blowing up the courthouse, the letter would sustain a conviction only if it indeed included an explicit or implicit threat to injure a person by blowing up the courthouse.

Case No.   4:13cr25-RH/CAS

But here the fourth letter was not sent with no other context or explanation. In the interim between the prior threatening letters and the fourth letter, Mr. Wambles met with agents, acknowledged his improper behavior, and apologized. Indeed, the fourth letter itself began with an apology. When a person says he was wrong, apologizes, and then does nothing more than offer to tell an agent where an explosive is located, the offer cannot reasonably be understood as a threat to use the explosive to injure a person by blowing up a courthouse.

Mr. Wambles is not guilty of the crime charged in count four.

V

For these reasons,

IT IS ORDERED:

The motion for a judgment of acquittal on count four is GRANTED.

SO ORDERED on August 8, 2013.

s/Robert L. Hinkle<br>United States District Judge